Per curiam

If when an execution is out, and in the Sheriff’s hands, a man sells any part of his property, and the execution cannot bp satisfied without selling that property, it may he sold by the Sheriff, and the previous sale *457 will be invalid and void. Here, the ¿8100 execution was satisfied. Also, if a man be indebted to a larger amount than his property is worth, and lie disposes of any part of his property to a child, although there be- no execution issued, nor any judgment, it is void as to creditors, unless the child can prove, the actual payment of a fail- and fuli consideration ; by w iiich latter term is meant, a consideration so near the value, that it may reasonably be supposed the father would have taken the same from a stranger ; and it must be left to the jury to determine, whether the consideration were a full one in that sense, or not. If they find in the affirmative, and that it was actually paid, bona fide, they will then find, for the purchaser — otherwise, not. The jury found for the Plaintiff, and lie had judgment.
Note. — The Defendant at the trial of the issue in this action, offered a witness to prove certain declarations on the part of the father, under whom the Plaintiff cl imi-d, lending to show the conveyance made to the son was fraudulent, .nd m.d.- to defeat creditors. It was stated that these declarations were a short time after the date ot the bill of sale. On the part of the plaintiff d was objected, that the father had given the bill of sale, and were he now present could not be admitted asa witness to impeach i! for fraud. The (aw will allow no man to give evidence to invalidate a.i insirumeni himself has given.— 1 D. & E. 296. 5 Term 579. 3 Term 36. 4 & 5 Burr.
73 contra — It was argued, that the decisions in the case cited, apply only to negotiable lustrum- nts, that the witness offered has pass.d.— It would be attended with great mischiefs and injury to the credit of such papers, were they to be invalidated by him who has passed diem after going through several hands. And though the maxim, nemo al-lega-ns turpitudinem suam cst audiendus, seemed to be adopted by some ot the Judges in deciding* these cases, it is evident from the reasons they gi c, that the rule established by these decisions, was meant to be particular, and not as general as the maxim.
Per curiam. — The decisionjto bejgiveu by this court, steers clear of the objection raised from the cases cited. The question here is, not whether the father shall be sworn to impeach a writing he has signed and delivered, but whether his confession may be given in evidence, to aff ct a third person, his son. A man’s confession may be given in evidence to affect hiraseif, out cannot, to affect any other person,— That evidence, were it allowed, would affect the Plaint ff, and not the fktlfer, who does not pretend to any interest in the negroes — therefore it cannot be received. It would be of dangerous consequence to allow siu-h after declarations of a man who had passed property by the proper lega! ceremonies — he plight always overturn his conveyances. The evidence was rejected.
Note. — Upon the point of the execution see the note to Bell v. Hill, ante 72 As to the admissibility of declarations see Clarkson Arnold, Eelbanks Ex'rs v Burt, Ibid 330. Guy v. H.M, 3 Murph. 150, pom which it appears that where the declarat oils of a per-,,; , -■ r.: made subsequently to the conveyance or transfer of his title, they are not *458 admissible against the party to whom such title was transferred ; but if the declarations were made before the conveyance, as they would be good against the person making them, so they shall be admitted against any person who claims under him by a subsequent transfer.— But such declarations, where admissible, are not conclusive. Ufford v. Lucas, 2 Hawks 214.